**Dale A. YODER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17977.**

Court of Criminal Appeals of Oklahoma.

April 3, 1973.

Mark A. Ashton, Ashton & Ashton, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court of Comanche County, Case No. CRF–71–361, appellant was charged, tried and convicted for the offense of Burglary in the Second Degree, After Former Conviction of a Felony. His punishment was fixed at seven (7) years imprisonment. From that judgment and sentence, appellant made application for post-conviction relief in the District Court of Comanche County, and from denial of said relief, he has perfected his timely appeal to this Court.

The pertinent facts surrounding the appellant's application indicate on May 24, 1971, appellant was convicted for the offense of Attempted Grand Larceny and on June 7, 1971, was sentenced to two years imprisonment. The appellant gave notice of intent to appeal on June 7, 1971, with an untimely filing of his designation of record dated September 15, 1971. On the 19th of April, 1972, the attempted appeal in the Attempted Larceny conviction was dismissed for the failure of jurisdiction resulting from an untimely filing of the previously mentioned designation of record. On July 12, 1971, the appellant was

charged with the instant offense alleging as the sole former conviction the offense of Attempted Grand Larceny herein mentioned. On the 5th of October, 1971, judgment and sentence was entered on the Burglary conviction. At the time the appellant was charged, tried and convicted for the offense of Second Degree Burglary, he was at his liberty on an appeal bond pending his appeal from the attempted larceny conviction. In summary, we note the Information on the subsequent offense was filed after the ten-day required deadline for filing the designation of record under Rule 2.3, subd. A the fatal jurisdiction effect, but prior to this Court entering an Order of Dismissal and direction for issuance of a Mandate on the Attempted Grand Larceny conviction.

In substance, counsel for the defense contends an attempted appeal to this Court was pending at the time the appellant was convicted for the offense of Burglary. Therefore, he contends the judgment and sentence of the Grand Larceny conviction should have been suppressed as it was not final and could not be introduced for the purpose of enhancing punishment in the Burglary prosecution. To this contention, the State responds eloquently arguing that the conviction became final by operation of law. The State argues the judgment and sentence became final upon the expiration of ten (10) days, the mandatory requirement for filing of the designation of record under Rule 2.3, subd. A, and by counsel's non-compliance with the rule, the judgment and sentence of the Larceny conviction was rendered admissible at the second stage of trial proceedings in the Burglary prosecution.

We are of the opinion the judgment and sentence became final at the point in time the record was not perfected in compliance with this Court's Rule 2.3, subd. A. By non-compliance with Rule 2.3, subd. A, the non-filing of the designation of record in 10 days, jurisdiction was not established in this Court. Consequently, no issue on the merits of the appeal could be presented rendering the judgment and sentence final at the expiration of the ten-day period. The judgment and sentence then became admissible at the second stage of trial proceedings in a subsequent prosecution for the purpose of enhancing punishment when the judgment and sentence and proof complied with the requirements set forth in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Therefore, the judgment and sentence of the trial court is Affirmed with the appellant hereby notified that he has exhausted his State remedies.

BUSSEY, J., concurs.

BRETT, J., dissents.